Good morning, your honor, and may it please the court. There are two real issues in this case. The first one is jurisdiction. The second one is what is an extraordinary circumstance under Rule 60b-6. I'll talk about jurisdiction first because that plays into the analysis of the second one. Under 28 U.S.C. 2244b-2, one cannot consider a new claim in a second habeas petition that was not raised in the first petition except for two circumstances that don't exist. Those are a new rule of constitutional law, which Martinez is not, that the U.S. Supreme Court has made retroactive to cases on appeal. And then the other is a new claim that couldn't have been discovered through due diligence and the proof of actual innocence by clear and convincing evidence. We don't have that here. I think everyone is in agreement that the claim the district court granted relief on is not ground one that was raised in the first petition. Ground one in the first petition was specifically about the biological parents and relatives and background of the petitioner and how that made him susceptible to drug addiction and depression and so forth. That was defaulted and there was a Martinez claim raised that that should be raised in a 60b-6 motion. But the claim that was actually argued in a 60b-6 motion was a broad claim of ineffective assistance of counsel for not presenting additional mitigating evidence. And counsel below didn't object to that. In fact, I think he explicitly agreed to that. But he can't create jurisdiction. Either it exists or it doesn't. And it didn't exist here. The counselor on the record is agreeing the claim that was tried was not the claim that was in the original motion. The district court actually said that during the hearing. They said we're hearing stuff that isn't in the pleadings. You can't do that. If this was a 1983 case, maybe you could argue it was tried by explicit consent or even implicit consent. But you can't do that without jurisdiction. When you said counsel below agreed to it, you're referring to the respondent's attorney. Both counsel, I think. Yes. It's pretty clear when you look at the transcript that they just opened it up to a wide-ranging ineffective assistance. I think they absolutely tried to do that. And if they could create jurisdiction, they would have been successful. But they can't. It's a successive claim. And you have to get permission from this court to raise a successive claim. And this court can only give that permission if the circumstances under 28 U.S.C. 2244b-2 are met. And they're not. They're not even alleged to be met. So it's something different. The claim that relief was granted on is something that the district court simply couldn't have. And I wish counsel below would have objected, but it doesn't matter because he can't create jurisdiction. How then could the district court have gone so wrong? I don't know the answer. I guess they did not grasp that it was a jurisdictional question. That's the only issue I can have. But the statute speaks for itself. Well, as the district court's memorandum points out in very careful detail how ineffective those lawyers were in the first go-around in failing to make a clear statement that would have satisfied the claim for relief. They lacked the specificity of the reasons why. Absolutely. And then when I went back to, well, as you know, I wrote the opinion after the Supreme Court of Missouri and it looked like an open and shut case from that standpoint. In other words, the Missouri Supreme Court found it a very easy decision in terms of the failure of counsel to allege that which had to be alleged. When it comes down to it, well, that's an inelegant way of putting it. Obviously, the district court now found the, well, basically that the trial counsel should have recognized their error much earlier on. I think that's right. I think they found cause and prejudice under Martinez. But that, again, on the jurisdictional part of it, that only goes to the claim that was actually raised in the district court, ground one. But what the district court granted relief on is much broader than that. It doesn't deal with just the claims and the facts that are alleged in ground one. It deals with something completely different. And they couldn't do that. What counsel has argued in the brief is that it's not a second claim because the first time around it was never actually reached on the merits. It was procedurally determined to be procedurally barred. So it's not actually a second or successive claim. And ground one that he actually raised before the district court, he's absolutely right. It is not a successive claim. But what I am arguing is that the district court admittedly granted relief on was much broader than the ground one that was raised to it in the original petition. And it couldn't do that because that was a new claim. And the district court admittedly granted relief on that. But I thought the point is it's not a second. It is not a second. It's not a second claim. I believe it is a second. There is no first claim. There was never a first claim. Well, let me see if I can phrase this correctly. Rule 28 U.S.C. 2254 B.2 says if you raise a claim that was not raised in the first petition, then the district court shall dismiss it and accept for grounds A and B, which don't apply here. And what was actually presented at the hearing was not the ground that was in ground one, which I think we all agree was not a new claim. But what the district court actually granted relief on was a new claim. And counsel should have gotten up and down and objected. And he didn't. But he can't create jurisdiction. Let me move on a little bit. Go ahead. Was this a 60B type of situation? Oh, yes. That's where we're at. This is a 60B. Is that an equitable rule? It is an equitable rule under 60B. Particularly 6, which is any other ground, is particularly equitable. Yes, sir. And as we can kind of move into Rule 60B.6, in order to grant relief under 60B.6, there must be an extraordinary circumstance. This is completely different than the jurisdiction, but the jurisdiction plays into it. An extraordinary circumstance, I think we can all agree, is something more than new precedent. Martinez v. Ryan is new precedent, and that by itself is not an extraordinary circumstance. I think petitioner's argument is, well, the district court should have done a balancing test, which they did, and found an extraordinary circumstance in that. There's a couple of problems with that. One of them ties back to the jurisdictional analysis. The balancing test should be done on the claim that was actually presented. And that's assuming there is a balancing test. I don't agree that there is. But assuming there is, it should be the claim that was actually presented in the first petition. Well, isn't the argument essentially that no real claim was ever presented in the first petition because it was procedurally defaulted, and what was presented was so defective that there was not actually any petition presented, and therefore, nothing's ever been raised. I mean, the issues were identified, never supported, procedurally defaulted, and isn't that the argument that's being presented here? Well, if that's the argument that's being presented, it's wrong, because where the claim was not presented was in the Missouri Post-Conviction Relief Court. That is where the claim was defective. If you look at their petition, and it's in my addendum, I think it starts at about 105, but I don't remember exactly, there is a detailed claim raised in the first petition in the federal court. And the district court said that is defaulted because the claim in the Missouri Post-Conviction Review Court was so bad. But there was a first claim in the district court, and this is a new claim because it goes beyond the bounds of the first claim. I'll talk a little bit about extraordinary circumstances and how jurisdiction plays into that, and then extraordinary circumstances on their own. If you're analyzing, if you're doing a balancing test for extraordinary circumstances, which I don't think we do in this circuit, the balancing test should be based on the claim that was actually raised in the first petition. It's not here. It's based on the broader claim that the district court heard evidence on, and that goes back in the jurisdiction. If there's not jurisdiction to hear the claim, there's not jurisdiction to use it in the balancing test. But I don't even think we should use a balancing test here. I think Buck v. Davis, which I sent to Court of 28J later on, gives some guidance on what we do. There, the United States Supreme Court treated Martinez as a prerequisite for a Rule 60b-6 motion alleging ineffective assistance of trial counsel that hadn't been properly preserved in post-conviction appeal, but not as an extraordinary circumstance. I think the dissent makes that clear, and it's clear from the majority opinion. You've got to have something else. And in Buck v. Davis, they had a lot. They had a person in Texas who was sentenced to death, at least in part, because evidence was presented that African Americans are more dangerous and more likely to commit crimes than other people. And the United States Supreme Court said, that's a big, extraordinary circumstance. And it's particularly a big, extraordinary circumstance where that's happened in five other cases in Texas, and Texas has said, this is wrong. We're going to admit it's wrong, but in Buck's case, for some reason, and I know what the reason is, they chose not to do that. And so that's it. They had a huge, extraordinary circumstance there on top of Martinez. Here, you've got a run-of-the-mill, ineffective assistance of trial counsel claim for not presenting additional or different mitigating evidence. The district court certainly didn't consider that as a run-of-the-mill, given the evidence that was admitted, finally, at this evidentiary hearing. No, they didn't. They did a five-part balancing test, and the factor that they found that indicated that they should find an extraordinary circumstance was they believed that the underlying claim had merit. If that's an extraordinary circumstance for overcoming a procedural bar, then procedural bar need not exist, because you could never enforce it in a case where the underlying claim had merit. So that can't be the rule. So I think their balancing test was flawed. But I don't even think we get to the balancing test, because I think it should be like Buck. But I see your point. If the district court felt that this additional mitigating evidence was an extraordinary circumstance, like the later Missouri Supreme, excuse me, the U.S. Supreme Court later found to exist in Buck, I think they were mistaken. I think they were abusing their discretion, because we see these claims all the time. These courts see this claim all the time. If counsel did X at the penalty phase and it didn't work, then he should have done X plus. He should have done the opposite of X. That's this court's decision in Williams v. Roper at 695. The person put on evidence about how good his family was and what a hardship it would be on them if he was executed, and it didn't work. So post-conviction, he should have gone exactly the opposite and said he had a terrible childhood. That's the sort of thing we're hearing here, is it's an extraordinary circumstance that counsel should have put on new or different mitigating evidence. And that's simply not accurate. That's not extraordinary. That's every case. What happened in Buck v. Davis is rare and is extraordinary. And the case law in this circuit, I cited some of it in my brief, there's none of it that supports their position. I mean, I think they've found a case, a couple of cases in two different circuits that use balancing tests, but that's not something this circuit's ever done. So I think they lose on jurisdiction and they lose on extraordinary circumstance. And I'm not going to talk about statute of limitations and I'm not going to ask you to enforce it here because it wasn't raised below. But I just want to mention something they said. It was raised below, but it wasn't raised the first time below. But they mentioned something in their brief about it was waived. And I want to make clear that there's a difference between waiver and forfeiture. Waiver is a deliberate relinquishment of a right. A forfeiture is you mess up and didn't enforce it. On both procedural bar and statute of limitations, this court can sua sponte enforce if a party doesn't. And I'm not asking you to, but if you want to, you can. I mean, because, you know, there's no question the original petition was 25 days at a time. And if you talk about relation back under Rule 15, then you have statute of limitations problems on that. But I haven't raised that and I'm not asking you to do it. I just want you to know it's there. Back to your jurisdictional question, of course. If this is an equitable relief type of thing and it lies within the district court's jurisdiction, discretion, I should say. Your argument again, of course, is that Buck is different than it was. It doesn't get much worse than Buck. But does this come close enough to the Buck type of situation when obviously your answer is no, but the district court thought it. Well, certainly the district court thought that the egregiousness of the errors of counsel below were so bad that it called out for justice. I think you've summarized that correctly, Your Honor. The only thing I would say about jurisdiction is I don't think it matters that this is discretionary. Either a court has jurisdiction or it doesn't. And then from that point, one goes to whether or not there was an abuse of discretion. But if the statute says they can't hear this claim and they hear it anyway, then that's not a question of discretion. No. Okay. That's your point, that we never get to the point of discretion. Right. And I think if we do get to the point of discretion, you know, then jurisdiction would play in only in this sense, that they would have to do their balancing test that they did based on the claim that was actually raised. And I don't think they did. I think that opinion did the balancing test on all kinds of other mitigating evidence that was not in the original ground one race of the district court. So that evidence has jurisdictional problems as well in the balancing test. And I hope that's not confusing. No, I know your argument. Would the counter to that be that it was and I don't mean to be flippant about it. Was it close enough, given the whole scheme of how this case came out, to fall within the jurisdiction parameters? And my answer would be no, because if it's a separate claim, and one looks, it's got to be the same factual and legal theory. And this isn't. I mean, broadly, it's an ineffective assistance of counsel claim. But what was actually presented was counsel was ineffective for not doing X. And what was raised in the hearing was counsel was ineffective for not doing X plus. And to me, that's a different, at least a different legal theory and perhaps a different factual theory. So I don't think it's the same claim. And that's what this court would look at for jurisdiction. Is it the same claim? I know what your answer is going to be to my next question, which would be, is the evidence that was presented to the district court so overwhelming in its force that it tends to, if not obliterate, minimize the distinction between their first claim that was raised and the claim that the district court based its decision on? And, you know, my answer, my answer is no. It was the evidence was it was run of the mine. You should have put on X. Well, they put on to use that term in a death penalty case. I can see your point, but. Yeah, I think the Supreme Court used run of the mill in bucks. So perhaps I'm being maybe I shouldn't have. Justice Roberts really. Well, you remember what it said to the state's argument about finality of judgments in that case. And some of that would apply to this case. Well, we thank you for your. Oh, thank you. And yeah, I better sit down because my yellow lights on. So thank you. Very well, we'll hear from counsel for Mr. Barnett. Miss Carlisle, may it please the court, I'm here with my colleague, Cade Parish, on behalf of David Barnett. I think you and I are the only people in the room who were here the last time. But here we are again. Yes, we're veterans, I guess. Yeah, we know. For the record, we want you to know we note that you were appointed under the Criminal Justice Act. You were. And the court deeply appreciates your willingness to accept the assignment. Thank you, Your Honor. Before we before we delve into this procedural issue, I want to make sure we know two things. Until today, the state of Missouri has never contested the district court's finding that Mr. Barnett was denied effective assistance of counsel at the penalty phase of his death penalty case. And that that denial was prejudicial and had a reasonable probability of affecting the outcome. Well, all they're saying is that the court shouldn't have got there. They've never said until today that that that that finding was insufficient. That's the first thing. And the second thing is, and I think this has come up, but I want to make sure it's sort of at the top of our forefront of our understanding. This is unlike Buck, a case in which the district judge granted Rule 60B relief. That means, frankly, that the thumb is on the scale in favor of Mr. Barnett because grants of Rule 60B relief like denials are refued for for abuse of discretion. So Mr. Barnett's burden is actually significantly less than Mr. Buck was and Mr. Buck won. So I think I'd point that out. I'm going to talk about this this successor issue first. Mr. Spillane said that everyone agrees that the claim that was presented was not ground one. I can tell you I don't agree that to that. And I don't think that the trial that counsel at trial for the state agreed to that. Here's what he said. What happened was that the the Mr. Barnett presented evidence through a witness, I think, was Eric Barnett, who was his brother in his adopted household. And there was absolutely no objection to that. And eventually, Judge Weber invited the state to object. He said, is it agreed we're trying matters not raised in the pleadings? And I'll talk about Rule 15 and doing that in a minute. But before we get there, here's what the state said. The way the issue was decided by the court in 05 or 06. That's this district court was a very general, ineffective assistance of counsel penalty phase claim. And that's the way I believe both sides have been treating it. I mean, to me, that's not a statement. Yes, I've agreed to expand this. That's a statement. I don't think we're expanding it. And then the Mr. Mr. Barnett's counsel said, yeah, that's that's right. That's what we think, too. And from then on, you know, for the next, you know, extensive part of the hearing, that was fairly early in the hearing. The state never objected to one piece of evidence that was in the that was presented by Mr. Barnett. After the hearing, the the court invited the counsel to submit post hearing briefs. The state didn't say word one about, oh, you know, we've decided there might be a jurisdictional issue here. So Judge Weber, when you're considering this, maybe you should only consider witnesses X, Y and Z and not witnesses A, B and C. Never said that. After Judge Weber indicated that he had considered all of the evidence, the state filed a motion under Rule 15. I need to alter or amend. Didn't say word one about jurisdiction there. So I think what you know, basically, you know, you you asked Mr. Spillane, how could the judge have gone so wrong? Well, the state sure didn't give him any help. The state had already said, yes, we think this is ground one. Now the state is saying we don't think it's ground one. It sort of feels a little bit like a bait and switch to me. But I don't think there's any concession either at the district court level or here that what was decided wasn't ground one. Now, what Banks versus Dretke teaches us is that, you know, factual issues, at least, that aren't presented in the pleadings can be tried by consent. Under Rule 15 of the Federal Rules of Civil Procedure, as long as there's been some indication of consent and as long as the respondent has the opportunity to present evidence. And both of those things happened here. There was explicit consent. So so I don't think there's I don't think there's any kind of jurisdictional issue here. What what we have here is a situation where both the judge Webber certainly did say in his order, you know, I think there may have been an expansion. But that's not what the party said. And I don't think that's what this court has to find. And Judge Webber certainly didn't think that that was a barrier to his considering all the evidence. And I think he had discretion to make that finding. And one thing I'd say is if I didn't draft the petition, so I'm not going to. And, you know, I guess I'm not I'm not as any more proud of it, I guess, than than Mr. Blaine is of the way of the way counsel behaved in the hearing. But I would say that although the the the claim certainly is headed, he was denied effective assistance of counsel because they didn't present evidence about his biological mother and her family. If you read the text of that claim, which is quite extensive. The the petition says the court has to look at each piece of mitigation evidence that trial counsel failed to present at the entire picture and compare it to whatever evidence was presented. So I think there was an invitation in ground one itself for the court to consider the entire the entire conduct of the of the of the post of trial counsel at the penalty face. How is it gives me how is this case different from Gonzalez? And I didn't bring the case with me. I don't remember what the rest of the name of Gonzalez was. How is it different? It was. Why does the change in the law satisfy the extraordinary circumstances when in Gonzalez it was not sufficient to do so? Well, OK, I mean, I think I'm through talking about success for a minute. Is that OK? OK, first of all, I think the I think the the the the state sort of mischaracterizes what happens here. The judge entered two orders in this case in April of 2013 that the district court entered an order granting a hearing. And that was really the order when he first analyzed the extraordinary circumstances that warranted applying rule 60 B. And what he said, he did that very carefully. And again, he exercised his discretion, which he has to find extraordinary circumstances. And first of all, he said, OK, well, there's Martinez. That's not that's clearly not enough to satisfy extraordinary circumstances any more than the court in Buck thought it was. But what the court in Buck said was you can use the Martinez gateway in a rule 60 B present context. And I think what the what the state wanted to argue before Buck, because all of this case was brief before Buck was no, you can't consider Martinez at all when you're trying to decide about rule 60 B. I think Buck puts that argument to bed clearly that said, you know, we got here by Martinez and that was fine. So that was the first thing he said was we got Martinez. That gives me a door that I can potentially open. Otherwise, I'd be stuck with my, you know, with the the A circuit's ruling in 2008 that this was defaulted. Then he said this is a capital case, as I think you pointed out earlier, that's a significant, you know, unusual circumstance in rule 60 B cases. Not clear what this would work if all he was looking at was a 20 year sentence. Then he said that the that Mr. Barnett had diligently pursued the underlying claim of ineffective assistance of counsel and had diligently attacked the procedural default finding. He pointed out that the 60 B motion was filed three months after Martinez. He said that was sort of a neutral factor, but it certainly didn't count against Mr. Barnett. And then he talked a little bit about finality. He said, well, obviously, the state has an interest in finality. But on the other hand, rule 60 B is precisely, as the court later said in Buck, a rule that kind of trumps finality. And finally, he considered the underlying strength of the ground one claim, which at that point was the only thing he had in front of him. So to say, you know, all that all the district court did was to consider all the new evidence is just wrong. What he did in in ground one was to say, I think this is a this is a substantial claim. And the fact is that back in in 2006, he had already made that finding. He made that finding in his order finding procedural default. He said there was there was significant mitigating evidence that wasn't presented to the jury. This was a substantial claim. He made that finding back then. That is a, you know, kind of a. So so so I think what what he was saying is, obviously, at this point, I've got I'm close enough to extraordinary circumstances that I need to grant a hearing. But, well, as I mentioned to Mr. Spillane, too, about the strength of the case, but by relying on the strength of Barnett's underlying ineffective assistance trial of trial counsel claim. Did the district court effect vitiate the meaning of the procedural bar? I mean, obviously, the district court had strong, but it's lengthy, lengthy opinion detailing the evidence and the credibility of these witnesses who testified were back up. Well, I should phrase it that way. Three of us have to decide whether that no matter. Although it's a sympathetic case from the standpoint, the trial counsel should have done so much better. Are we going beyond the bounds of what. Martinez and Trevino permit us to do. There's no, but there are two sides to the issue, as you are very well know. And again, your response, as you've been making is that the district court took that into consideration. Exactly. I'm sorry. I didn't mean to. Where does that leave us as the panel? Well, again, we're vitiating. In other words, this is not a buck case. It's close in some respects, but well, it's I mean, only buck is probably a buck case, I hope. I mean, I certainly would hope. Yeah. So, you know, but I shouldn't say even in Texas, but let that go. I'm not sure. But, you know, I don't think I don't think and I don't think the U.S. Supreme Court typically takes cases simply to decide them on the facts. And I don't think that's what it did. But but again, first of all, I guess you asked where at least the panel. First of all, it leaves the panel, as I said before, but want to say again, saying to itself, did Judge Weber abuse his discretion when he granted relief here? So that's what you have to decide. You don't say, OK, would we as sitting as district judges, as I know Judge Erickson has done and maybe the others, too? I'm not sure I didn't. But would we have made this decision? That's not the question. The question is, did Judge Weber have discretion to make this decision? And so first of all, Martinez is an equitable rule. 60B is an equitable rule. What the what the court says in Buck is when you're considering those equitable rules, you can consider a wide range of factors. So obviously, to get through the Martinez gateway, you have to make you know, you have to find that the claim is substantial. So it's not going to be a situation where everybody who gets up and says my post conviction counsel didn't raise this claim, so I should be able to raise it now is going to get to do it. I mean, I know if you if you go through the decisions that have been made in district courts and courts of appeals since Martinez, you'll see that there are many of them that say, well, yeah, that's true. They didn't raise it. It wasn't substantial and we're not going to consider it now. So that's the that's the threshold. That's why that's why the procedural bar doesn't just doesn't just vanish. And I think I think this case easily meets that threshold as a true advocate. True. Right. But then we judges are faced with the prospect of trying to apply this in an even manner with a whole bunch of cases. Well, your answer to that is that's your job and do the best you can not to be flippant about it. I'm afraid that sort of that sort of is my answer, though. I mean, I think the problem is that when you're dealing with with the abuse of discretion standard, it's always going to be factually based and you're going to have to look at, you know, what what were the factors that how did the judge come to this decision? And I think, you know, you've observed that that Judge Weber made the basis of his decision quite clear and was very thorough about it. It wasn't a matter of his writing two paragraphs and saying in my exercise, my discretion, I'm going to give him a new penalty phase. He I think his final order of granting relief was 189 pages long. It was. And and and so so clearly he considered. You know, once he'd gotten through the Martinez gateway and if you look at Buck, that, you know, that's pretty much that's the way they treated it. They said, yeah, it's OK for the for the the court to consider this issue under Martinez. And now we just have to see if there are extraordinary circumstances warning relief and that. And then they went on to say, of course, in Buck, under the facts of Buck, which is not which are not the facts here. Relief was warranted. I mean, I was frankly a little surprised that that Mr. Flynn started talking about how run of the mill this was, because I didn't find that anywhere in his brief. I think that what he's arguing is that the issue itself is run of the mine. Right. If you just look at it, that if you get to a sentencing proceeding and your claim imposed conviction relief cases, then becomes is that the lawyer should have done more. All right. And that that just happens all the time. And I think that what happened, if you look at Judge Weber's opinion, he goes through in great detail and says why this isn't just like every other case. And they're saying that that balancing is inappropriate because it just it just eats up the entire rule of finality. Why are they wrong? Well, they're wrong because, first of all, Martinez, by its terms, requires an analysis of whether the underlying claim is substantial. I don't know how you're going to figure out how the whether the underlying claim is substantial without talking about the underlying claim. That's number one. So it's certainly not the case that that the that Judge Weber wasn't allowed to consider the strength of the underlying claim. Martinez told him he was supposed to. So. So. So, first of all, that that's the first. They argue that's a threshold and not the extraordinary circumstance. No, I agree. I agree that Martinez itself does not get Mr. Barnett relief. What Martinez does is to allow Judge Weber to decide whether Mr. Barnett gets relief. And in order to do that, he has to consider the merits of the underlying claim. It's not absolutely clear to me that he has to consider them under a more strict standard than the Strickland standard, which is pretty strict. But he certainly has to in order to decide whether he gets relief. He certainly has to decide he has to consider all of the evidence back to the Strickland. The second. Do you read the state's brief as raising a sort of a harmless error type of situation that I really don't? Maybe maybe I missed something. I mean, I what I made any difference that. And if they do make if the state is making that argument, what latitude do we have to disagree with the district court's characterization of the strength of the evidence? Not much. I mean, the fact is that that the district court hears all the witnesses, sees all the witnesses, found them credible, found them credible. I guess I found I think, you know, he made he made a point of saying witness by witness who was credible. He made a point of saying witness by witness who he thought had evidence which had been presented to a jury would have made the difference. And I think once a district court makes that that that determination, you know, it's pretty difficult for this court to say, well, we're just going to throw all that out the window. You know, even though we never we never heard any of these people, I would I want to say before occasionally. And it's a troublesome thing. I mean, I shouldn't speak that broadly for anybody else, but. But I'm sorry for interrupting. Yeah, I mean, certainly you've done you know, you've done it occasionally, but I don't know that I'm aware of a case in which you've done it in a in a situation where the the the the amount of new evidence that was presented was was similar to what was presented here. Number one and number two, a case in which the district judge took such care to explain and characterize how he made his rulings on each of those on each of those points. But the one thing I want to make sure I say before I have to sit down is should this court decide that and I'm certainly not conceding this, but should this court decide that Judge Weber considered evidence he shouldn't have considered? Then I think what this court has to do is remand to Judge Weber and say, OK, we've decided that all of that, that the evidence, the evidence concerning Mr. Barnett's life after he was five or six years old and and and went off to the to the the monster that he thought was going to be his final adoptive good home. We've decided that Judge Weber can't consider that. Then I think you have to ask Judge Weber. Now that we've said that you can't consider this evidence, what do you say about prejudice and and ineffective assistance based on the other evidence? Because the fact that the state never objected to any of this evidence and never made the point that there was a successor before simply deprived Judge Weber of the ability to do that. And I don't think you can simply substitute your your your judgment for his if that's if that's the way you go. And of course, what we're saying is you should affirm Judge Weber completely. And I can ask you and give about a 30 minute or 30 second little summary just to make sure I understand your response to the very first argument that was made by counseling. And that's the jurisdiction argument. Can you just succinctly summarize what your position is on that? Sure. There is no jurisdiction argument because the state of Missouri and the affected absolutely agreed that ground one includes all of the evidence that was presented. And Mr. Barnett's counsel agreed to that, too. The fact that the state that Judge Weber had some doubts about that doesn't matter because under Rule 15, the of the federal rules of civil procedure, the the the ground was properly expanded to include all of that evidence. And there is no jurisdictional problem. So you're not hanging your hat on the fact that the that the first habeas petition was procedurally barred. You know, there was this discussion. Sure. This really isn't a second or a successive because the first was never the first time around was never considered on the merits. Well, it's yeah. I mean, I don't I don't understand, Judge. Mr. Splane actually to be arguing that it was second or successive because of that. I think what he's saying is, yes, it would have been OK. I mean, he has other reasons for not thinking that, but it wouldn't have been a problem as a successor problem if Judge Weber had simply granted a hearing on on the evidence that was specifically set out in the procedurally barred claim. What he's saying is that's not what that's not what happened. And he thinks that what happened, despite the state's explicit agreement, otherwise makes it a new claim. And this court should suddenly decide that and and then reverse. And as I said, I think you have to remand. Can I have 20 seconds on the statute of limitations? You may have a minute or two if you're right. I mean, I don't think I need quite that much, but but but he did mention that at the end and I wanted to get a chance to do that. First of all, as I mean, what he said is I'm not asking you to do that. And obviously, we're not asking you to consider the statute of limitations. I think he's waived it in this court if he didn't waive it before, because it's not raised as a point of error. I mean, Rule 28 of the Federal Rules of Appellate Procedure pretty much says what you're supposed to do to present issues. And he didn't do it. And I think this court has held repeatedly that you can't just sort of start talking about issues that you didn't raise in your brief as points of error. I guess a recent case on that would be United States versus Beckman, which is not in my brief. And I'll send you a 28, Jay, if you'd like 1787F3466. So that's that's that's the first thing. You know, the other thing is under the unlikely in the unlikely event that you were going to consider it. I think you need to consider the fact that it's now been 14 years since this petition was filed. Sua sponte consideration of limitations is controlled to a great extent, whether by whether the respondent will be able to to present evidence in opposition to that, to the contention in this case on the issue of equitable tolling, which we repeatedly requested. And I mean, I just think that pretty much puts that issue to sleep. And that's all I wanted to say about it. I'm sort of glad you mentioned the time elapsed because I look down at my opinion that I wrote filed September 5, 2008, and that's not quite 10 years ago. No. How many years ago is that? Right. But the petition was filed four years before that. So, yeah. Very well. We thank you for the argument. Thank you. Mr. Spillane, if you like, we'll give you an additional two minutes, but if you can do it in three minutes, that's fine, too. Within your allotted time. Thank you, Your Honor. First thing I want to say was we talked about abuse of discretion. It is always an abuse of discretion to make an error of law and to consider a case that one does not have jurisdiction to consider is an error of law. It is also an error of law to find that there is an extraordinary circumstance when there is not an extraordinary circumstance. So that isn't a question about discretion. That is, if the district court got those wrong, it made an error of law, and that is automatically an abuse of discretion. And counsel below couldn't waive jurisdiction, no matter how hard he tries, no matter what he says. The district court correctly characterized what it heard evidence on and what it granted relief on as broader than ground one. And it was right. The next thing I was going to say was I think the balancing test was in and you may want to check me on this. I think it's in my addendum. I think the balancing test where the district court found that it could proceed under Martinez is in the post hearing order granting relief. I think they made a ruling on that earlier, but I think the actual balancing test and if I'm wrong, I apologize. Please check me on that in the addendum. I think there's been kind of a mushing together of the Martinez standard and the 60B extraordinary circumstances standard. Martinez, of course, you look to see if it's a substantial claim. That is part of the Martinez analysis, but Martinez is a foundation that is a prerequisite for deciding if there's an extraordinary circumstance to review a claim in 60B-6. There's no reason to believe that you look in 60B-6 to see if the claim has merit and that makes it an extraordinary circumstance. Buck was truly extraordinary. I think Judge Erickson grasped my argument correctly that this is not the type of claim that is truly extraordinary. This is a normal, ineffective assistance of appellate counsel for not putting on additional stuff in mitigation, which one is always going to see. One isn't always going to see a claim that someone was sentenced to death because of their race. That is truly extraordinary. This is something one sees in every case. In other words, well, in every case we tend to see the horrible childhoods, the background. Every time I think I've seen the worst that can be, it seems like there's another one that seems to be worse. But again, as I said in my opening remarks that I sure questioned such as they were, to what extent can we even consider that, in your view, the great volume of evidence that came in if the state didn't object to it? I think you can't. I mean, I think that goes both to jurisdiction to hear the claim itself and jurisdiction as to what goes into the balancing test. So my answer would be no on both of those. And I think they did put in a lot that they didn't put in at trial. But if you read the first decision, the district court, I think, went through 20 pages of all the stuff they put in at the trial. So they put in a lot to begin with, and they put in a lot more at the nine-day evidentiary hearing. But they always say they should have put in more. Well, it's obvious from the district court's careful analysis and his lengthy opinion that he considered this to, again, to use your phrase, run of the mine, run of the mill. He didn't consider it that. No, but I think the type of claim is. And I think that's a distinction I'm making from Buck. And I think once something one sees is that if one does. Buck is different because it's an absolute impermissible thing that the state of Texas tried to do. And here the question is whether that which was later developed was so powerful in its impact that it vitiated whatever efforts were made at the trial court. Right. And assuming one can even consider that, in my argument, is you can't even get there. Did the court have any questions? I think I've gone over my three minutes. Well, I wanted you to have the extra minute or so. No, that was just all I'd say. And, again, I'm not – I didn't brief statute of limitations. I'm not asking you to do it. I just read their brief as saying we'd waived, and there's a distinction between waiver and forfeiture. Did the brief make any argument, as I raised to your opposing counsel, are you making any harmless error that the result on the prejudice prong wouldn't have made any difference to the jury? No, I'm not making that argument. You're not making that argument. I'm not making that argument. The argument I'm making is that the analysis they did considered stuff that they couldn't – excuse me, the district court considered things they couldn't consider, so we can't get to prejudice analysis because they shouldn't have heard these nine days of testimony about stuff that wasn't in a claim before the court. Very well. Do we have further questions? Apparently not. We thank both sides for the argument. The case is now submitted, and we will take it under consideration. Thank you, Your Honor.